OPINION
RENDELL, Circuit Judge:
Jermel Lewis was sentenced for a crime with a seven-year mandatory minimum— brandishing a firearm during and in relation to a crime of violence — notwithstanding the fact that a jury had not convicted him of that crime. Instead, he had been convicted of the crime of using or carrying a firearm during and in relation to a crime of violence, which has a five-year mandatory minimum. Lewis was never even indicted for the crime of brandishing. In Alleyne v. United States, the Supreme Court held that this scenario, i.e., sentencing a defendant for an aggravated crime when he was indicted and tried only for a lesser crime, violates a defendant’s Sixth Amendment right to a jury trial. — U.S. -, 133 S.Ct. 2151, 2163-64, 186 L.Ed.2d 314 (2013). Even though that constitutional issue is settled, we still must address the issue of whether the error that transpired in this case was harmless. We conclude that the error was not harmless because it contributed to the sentence Lewis received. Accordingly, we will vacate Lewis’s sentence and remand for re-sentencing.
I. Background
Lewis and his codefendants Glorious Shavers and Andrew White (collectively, “Defendants”) committed an armed robbery of an unlicensed after-hours “speakeasy” in North Philadelphia on November 8, 2005. Shavers and White were charged on March 20, 2008, with robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and with using or carrying a firearm dur *452 ing and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On July-10, 2008, a superseding indictment charged Lewis with the same offenses and added attempted witness tampering charges under 18 U.S.C. § 1512(b)(1) against all Defendants. On August 20, 2009, a second superseding indictment added further witness tampering charges and a count of conspiracy to commit robbery against all Defendants. Count three of the second superseding indictment — the only count at issue here — charged that Defendants “knowingly used and carried, and aided and abetted the use and carrying of, a firearm ... during and in relation to a crime of violence.” (App. 71.) The indictment did not include a count for brandishing a firearm.
Defendants were tried in the District Court for the Eastern District of Pennsylvania beginning on September 9, 2009. The District Court instructed the jury that Lewis was charged with “using and carrying a firearm during the crime of vio-' lence”; it did not instruct the jury on a brandishing offense.[1] (Ápp. 2019.) The jury found all Defendants guilty of using or carrying a firearm and the Hobbs Act violations, but Lewis was acquitted of the witness tampering charges. Lewis was ultimately sentenced to a term of 132 months’ incarceration to be followed by five years of supervised release. The 132 months consisted of 48 months’ incarceration on each of the two Hobbs Act counts, to run concurrently, and 84 months’ incarceration, the mandatory minimum term of imprisonment for brandishing a firearm, to run consecutively. Lewis timely objected to being sentenced for brandishing a firearm because the jury found only that he had used or carried.
Section 924(c)(1)(A) imposes differing mandatory minimum sentences depending upon whether the defendant “uses or carries,” “brandishe[sj,” or “discharge^]” a firearm during and in relation to a crime of violence or drug trafficking crime. These are three “separate, aggravated offense[s].” Alleyne, 133 S.Ct. at 2162. Indeed, they are in separate subparts of § 924(c)(1)(A). Compare 18 U.S.C. § 924(c)(1)(A)© (uses or carries), with id. § 924(c)(l)(A)(ii) (brandishes), with id. § 924(c)(l)(A)(iii) (discharges). Because Lewis was charged with and convicted of the “uses or carries” offense, but sentenced for the “brandishes” offense, he was sentenced for a crime for which he was neither charged nor convicted.
Following sentencing, Defendants raised various issues on appeal. Relevant here, we affirmed Lewis’s sentence. United States v. Shavers, 693 F.3d 363, 397 (3d Cir.2012). The Supreme Court granted Defendants’ petition for a writ of certiora-ri, vacated our judgment, and remanded for further consideration in light of its decision in Alleyne, which had been decided after our ruling. See Shavers v. United States, — U.S. -, 133 S.Ct. 2877, 186 L.Ed.2d 902 (2013).
On remand, the Government continued to oppose Lewis’s Alleyne argument, urging that the error was harmless. On September 9, 2014, a divided panel of this Court affirmed, holding, “in light of the overwhelming and uncontroverted evidence in support of the brandishing element that, had the jury been properly instructed on that element, it would have found that element beyond a reasonable doubt,” and “[a]ny resulting error was therefore harmless.” United States v. Lewis, 766 F.3d 255, 271 (3d Cir.2014) (internal quotation marks omitted). On November 25, 2014, we vacated the panel opinion and subsequently reconsidered this appeal en banc.
*453 II. Jurisdiction and Standard of Review
We have jurisdiction pursuant to 28 U.S.C. § 1291. Allegations of constitutional error at sentencing are subject to plenary review. United States v. Barbosa, 271 F.3d 438, 452 (3d Cir.2001).
III. Discussion
The parties do not agree on the framework that we should apply to this appeal. Lewis urges that his AUeyne error constitutes one of the following: a structural error, a constructive amendment to the indictment, a presumptively prejudicial error, or a pure sentencing error under harmless-error review. The Government, conceding that there was an AUeyne error, urges us to apply harmless-error review, but would have us examine the trial record in addition to the sentence. Because we will vacate based upon harmless-error review, which is the standard less favorable to Lewis, we need not address Lewis’s other arguments. We need address only whether the error was a sentencing error or a trial error and then apply the appropriate standard, which in our case is the standard for sentencing errors. We note, accordingly, that we do not opine as to the applicability of the alternative standards more favorable to Lewis, the choice of which would present particularly thorny issues of law.[2]
We begin by considering the Supreme Court’s opinion in AUeyne, which held that brandishing a firearm was a separate, aggravated offense from using or carrying a firearm, and that the aggravated offense must be found by a jury beyond a reasonable doubt. We will then discuss the appropriate remedy here, in light of the Government’s argument that the error was harmless.
A. AUeyne
The similarities between AUeyne and Lewis’s case are noteworthy. Both Al-leyne and Lewis were charged with using or carrying a firearm. Alleyne, 133 S.Ct. at 2155. Each jury considered only whether AUeyne or Lewis had used- or carried a firearm, not whether they had brandished one. Id. at 2156. Both Al-leyne and Lewis were convicted of using or carrying. Id. Both Alleyne’s and Lewis’s presentence report recommended a seven-year sentence on the firearm count, in accordance with the mandatory minimum for brandishing. Id. Both AUeyne and Lewis timely objected and contended that their Sixth Amendment right to a jury trial had been violated because they were convicted of an offense with a five-year mandatory minimum, but sentenced as if they had been convicted of one with a seven-year mandatory minimum. Id. Both district courts overruled the objection because Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), foreclosed the argument.[3] Alleyne, 133 S.Ct. at 2156.
*454 In Alleyne, the Supreme Court held that if a defendant is convicted of using or carrying a firearm during and in relation to a crime of violence, but is instead sentenced for brandishing a firearm, the defendant’s Sixth Amendment right to be tried by a jury for the crime of brandishing a firearm has been violated. Id. at 2163-64. The Supreme Court overruled Hams and held that brandishing a firearm is a “separate, aggravated offense that must be found by the jury.” Id. at 2162. The Alleyne Court thus “vacate[dj the Fourth Circuit’s judgment with respect to Alleyne’s sentence on the § 924(c)(1)(A) conviction and remand[ed] the case for resentencing consistent with the jury’s verdict.” Id. at 2164.
The Supreme Court’s reasoning in Alleyne is based on earlier Supreme Court precedent, Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which it determined that a jury must generally find facts that increase the penalty for a crime beyond the mandatory maximum. In Alleyne, the Supreme Court concluded that the Apprendi rule for mandatory máximums also applies when the mandatory minimum is increased, as is the case for a brandishing charge; indeed, Alleyne is the logical extension of Apprendi. See Alleyne, 133 S.Ct. at 2163 (“[Tjhere is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum.... ”). While an Apprendi error occurs when a judge, rather than a jury, finds a fact that increases the mandatory maximum, an Alleyne error occurs when a judge, rather than a jury, finds a fact that increases the mandatory minimum for a defendant. In both Apprendi and Alleyne, the Supreme Court thus confirmed the fundamental right of a criminal defendant to have the jury, not the judge, find such facts.
B. Harmless Error
Alleyne thus establishes that when a defendant is sentenced for brandishing but indicted, tried, and convicted of using or carrying, the defendant’s constitutional rights have been violated. The Government urges, however, that this error can be harmless and correctly points out that the issue of harmless error was neither raised nor discussed in Alleyne. The Government also notes that the Supreme Court has “adopted the general rule that a constitutional error does not automatically require reversal of a conviction,” as “the Court has applied harmless-error analysis to a wide range of errors and has recognized that most constitutional errors can be harmless.” Arizona v. Fulminante, 499 U.S. 279, 306, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Accordingly, we turn now to the issue of harmlessness.
The rule governing harmless error provides: “Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.” Fed.R.Crim.P. 52(a). For harmless-error review, “the over-arching consideration of Rule 52 is whether an error ‘affects substantial rights.’ ” United States v. Adams, 252 F.3d 276, 281 (3d Cir.2001). Harmless-error review “applies when the defendant has made a timely objection to an error,” as Lewis has in this case.[4] Id. “Though the harmless error analysis leaves room for certain convictions to stand, regardless of the presence of constitutional error at trial, it places a decidedly heavy burden on the Government to demonstrate that reversal is not warranted.” *455 United, States v. Waller, 654 F.3d 430, 438 (3d Cir.2011).
To begin, we note two different types of errors that we routinely review on appeal in a criminal case: trial errors and sentencing errors. See, e.g., United States v. Brennan, 326 F.3d 176, 180 (3d Cir.2003). We must determine into which category Lewis’s Alleyne error falls.
The error here was a sentencing error, as nothing was wrong with Lewis’s indictment or trial. The indictment charged Lewis with an offense — using or carrying — and did not omit any elements of that charge. At trial, the jury received the proper instructions for the using or carrying offense. The jury properly entered a verdict finding Lewis guilty of that offense, so Lewis was properly convicted of that offense. But, then, the District Court sentenced Lewis for the offense of brandishing. As in Alleyne, this was the error. See United States v. Pizarro, 772 F.3d 284, 294 (1st Cir.2014) (“In Alleyne itself, the error was of the sentencing variety.”). We are not alone in reaching this conclusion, as the Courts of Appeals for both the Fourth and Ninth Circuits have treated particular Apprendi errors as sentencing errors. See, e.g., United States v. Mackins, 315 F.3d 399, 409-10 (4th Cir.2003); United States v. Jordan, 291 F.3d 1091, 1095-97 (9th Cir.2002).[5]
This is not to say that all Alleyne or Apprendi errors are pure sentencing errors. In United States v. Vazquez, 271 F.3d 93 (3d Cir.2001) (en banc), we were confronted with both a trial error and a resulting sentencing error. We noted in Vazquez that, for the particular Apprendi error in that case, “the sentencing error (imposing a sentence beyond the prescribed statutory maximum) is inextricably intertwined with a trial error (failing to submit an element of the offense to the jury).” Id. at 101. The jury in Vazquez was never instructed on one of the elements of the offense, i.e., drug quantity, for which the defendant was indicted, tried, and convicted — namely, conspiracy to possess and distribute more than five kilograms of cocaine. See id. at 98 (“Vazquez was indicted and tried for conspiracy to possess and distribute more than 5 kilograms of cocaine.... [D]rug quantity was neither submitted to the jury nor reflected in its verdict.”). Thus, Vazquez involved a clear trial error: “failing to submit to the jury an element of an offense” for which the defendant was indicted and convicted. Id. at 102. Here, in contrast, the jury instructions discussed all the elements of the crime for which Lewis was indicted and convicted — i.e., using or carrying. The District Court could have sentenced Lewis for using or carrying, as the jury found every element of that crime. But it sentenced him for a different crime. Thus, this case, like Alleyne, involves a pure sentencing error, whereas Vazquez involved a trial error.[6]
*456 Harmless-error review for a sentencing error turns on whether the error did or did not “contribute to the [sentence] obtained.” Sochor v. Florida, 504 U.S. 527, 539, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992) (alteration in original) (quoting Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). In other words, harmless-error review for a sentencing error requires a determination of whether the error “would have made no difference to the sentence.” Parker v. Dugger, 498 U.S. 308, 319, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991). This analysis contrasts with the analysis appropriate for trial errors, which turns on whether it is “clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.”. Neder v. United States, 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). Because we are confronted here with a sentencing error, we do not conduct the analysis reserved for trial errors.
There is a further reason that compels our rejection of the Government’s assertion that we should look back to the trial record in assessing harmless error when the mandatory maximum or minimum is at play. Looking back to the trial record would run directly contrary to the essence of Apprendi and Alleyne. The motivating principle behind Apprendi and Alleyne is that judges must not decide facts that change the mandatory maximum or minimum; juries must do so. If we affirm because the evidence is overwhelming, then we are performing the very task that Apprendi and Alleyne instruct judges not to perform. See, e.g., Alleyne, 133 S.Ct. at 2155 (“Any fact that, by law, increases the penalty for a crime ... must be submitted to the jury and found beyond a reasonable doubt.”); id. at 2162 (“When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact ... must be submitted to the jury.”); id. (“Indeed, if a judge were to find a fact that increased the statutory maximum sentence, such a finding would violate the Sixth Amendment....”); Apprendi, 530 U.S. at 490, 120 S.Ct. 2348 (“Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.”).[7]
The Government relies heavily on United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), and Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), in urging us to conduct the harmlessness inquiry reserved for trial errors and to examine the nature and quantum of the evidence introduced at trial in order to uphold the *457 sentence. However, these cases are distinguishable and do not advance the Government’s position. In Cotton, the Supreme Court decided that an Apprendi error does not require reversal under plain-error review when the evidence that the defendant committed the offense at issue was overwhelming and uncontrovert-ed. Cotton, 535 U.S. at 633, 122 S.Ct. 1781. Cotton and Lewis’s case bear certain similarities — in each case, the indictment, the jury instructions, and the conviction all supported a lesser offense, yet the judge at sentencing subjected the defendant to the sentencing range applicable for an aggravated offense. See id. at 627-29, 122 S.Ct. 1781. It follows that Cotton, like Lewis’s case, involves a pure sentencing error. But Cotton involved plain error because the defendant failed to timely object to the error, id. at 634, 122 S.Ct. 1781, not harmless error as is the case here. The crucial consideration in Cotton was that, because the evidence at trial was overwhelming and uncontroverted, “the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings.”[8] Id. at 632-33, 122 S.Ct. 1781. Here, because Lewis’s case does not involve review for plain error, the issue of whether the error seriously affects the fairness, integrity, or public reputation of judicial proceedings is not before us. See Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (noting that this is a question fer plain-error review); see also Jordan, 291 F.3d at 1096 n. 7 (holding that Cotton “does not • control nor aid our analysis” because “that case was analyzed under plain error, not harmless error”); Mackins, 315 F.3d at 409 (distinguishing Cotton because the integrity of judicial proceedings step of plain-error review “has no application when a defendant has objected in the trial court and so preserved his contention for appellate review”).[9] Accordingly, Cotton does not dictate the analysis or result here.
Recuenco is also off-point. In Recuenco, a jury found that the defendant had committed an assault with a “deadly weapon.” Recuenco, 548 U.S. at 215, 126 S.Ct. 2546. The judge sentenced the defendant pursuant to an enhancement for using a “firearm,” which is a type of “deadly weapon.” Id. However, the problem was that the jury did not specifically find that the defendant committed an assault with a “firearm,” just that he had committed an assault with a “deadly weapon.” Id. The Supreme Court held that the “[f]ailure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error.” Id. at 222, 126 S.Ct. 2546. Importantly, at no point did the Supreme Court explain what harmless-error review should consist of. Instead, it merely “remand[ed] the case for further proceedings not inconsistent with [its] opinion.” Id. Thus, Recuenco provides no support for the Government’s assertion that we should consider the evidence in the trial record here.[10]
*458 Here, we are presented with a pure sentencing error and thus must ask whether the Alleyne error in this case contributed to Lewis’s sentence. As we explained supra, this inquiry .takes the form of asking whether Lewis’s sentence would have been different, had he been sentenced for using or carrying, rather than brandishing. See Parker, 498 U.S. at 319, 111 S.Ct. 731 (explaining the inquiry as whether the error “would have made no difference to the sentence”). Obviously, Lewis’s sentence would have been different: Lewis received 84 months for brandishing — the seven-year mandatory minimum — whereas the mandatory minimum for using or carrying is two years less. Therefore, Lewis has been sentenced to an extra two years as a result of this Alleyne error. The Government bears the “decidedly heavy burden” as to harmlessness, see Waller, 654 F.3d at 438, and it does not and cannot contend that it “would have made no difference to the sentence” if Lewis had been sentenced for using or carrying, instead of for brandishing.[11]
IV. Conclusion
For the foregoing reasons, we will vacate the District Court’s sentence and remand for resentencing.

. At trial, two victims of the robbery testified that the robbers threatened them with firearms; their testimony was consistent with the statutory definition of "brandishing.”

. Our concurring colleagues assert that the failure to inform Lewis of the charge of brandishing in the indictment renders the error structural. We are not so sure. The indictment is not the focus of. Lewis’s argument; he seeks resentencing, not a new indictment and retrial based on his having brandished the weapon. The indictment and trial for gun possession did not violate his rights; his sentencing for a crime with a greater mandatory minimum did. Given that no court has held that an Apprendi or AUeyne error is structural, we would be taking a bold step if we were to rule that the error here infected the entire trial process. However, we need not decide this issue as the error here was certainly not harmless, and resen-tencing is, as the concurrence concedes, the appropriate remedy.

. Harris had held that it did not violate the Fifth or Sixth Amendment for a judge to make a judicial finding by a preponderance of the *454 evidence that a defendant had brandished a firearm, thereby increasing the defendant’s mandatory minimum. 536 U.S. at 567-68, 122 S.Ct. 2406.

. Otherwise, plain-error review applies. See Fed.R.Crim.P. 52(b).

. We recognize that the Court of Appeals for the Ninth Circuit has not applied Jordan consistently. Compare Jordan, 291 F.3d at 1097 ("We hold that the government cannot meet its burden under the harmless error standard when drug quantity is neither charged in the indictment nor proved to a jury beyond reasonable doubt, if the sentence received is greater than the combined maximum sentences for the indeterminate quantity offenses charged.”), with United States v. Salazar-Lopez, 506 F.3d 748, 754-55 (9th Cir.2007) (purporting to apply Jordan but considering whether the evidence was "overwhelming and uncontroverted”).

. This case is materially distinguishable from Neder, Johnson, and Vazquez. In those three cases, the defendants were charged with the sentenced crime, but the jury was not instructed to find one of the elements of that crime. See, e.g., Neder v. United States, 527 U.S. 1, 14, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) ("The trial court, following existing law, ruled that the question of materiality was for the court, not the jury.”); Johnson v. Unit *456 ed States, 520 U.S. 461, 464, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (“[T]he District Judge instructed the jury that the element of materiality was a question for the judge to decide, and that he had determined that her statements were material.”); Vazquez, 271 F.3d at 98 ("Vazquez was indicted and tried for conspiracy to possess, and distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841.... In Vazquez's case, drug quantity was neither submitted to the jury nor reflected in its verdict.”). To the extent that the concurrence and the dissent rely on those cases in concluding that the error here was a trial error, those cases do not support that position. They do not address the situation where, as here, the defendant was sentenced for a crime for which he was neither indicted nor tned.

. We also note the Kafkaesque consequence of the Government's position, which was made starkly apparent at oral argument: the Government conceded that "the logical outcome of [its] position” that judges should consider the evidence in the trial record is that, if a defendant were charged and convicted of manslaughter, but the judge were to find evidence of premeditation to be overwhelming and uncontroverted, a sentence for the aggravated offense of murder would be permissible. (Oral Arg. 51:20, Feb. 19, 2015.)

. Crucially, the Cotton Court did not address whether the presence of overwhelming and uncontroverted evidence at trial was a consideration for the "substantial rights” stage of the plain-error inquiry. 535 U.S. at 632, 122 S.Ct. 1781.

. We do not find the Court for Appeals for the Second Circuit’s opinion in United States v. Confredo persuasive because it fails to recognize this distinction. See 528 F.3d 143, 156 (2d Cir.2008) ("The Supreme Court has ruled [in Cotton ] that an Apprendi violation concerning an omission from an indictment is not noticeable as plain error where the evidence is overwhelming that the grand jury would have found the fact at issue. We think the same analysis should apply to harmless, error.” (citation omitted)).

.Both the concurrence and the dissent struggle unnecessarily and incorrectly with the test for harmlessness. The dissent’s inquiry into the evidence is wrongheaded, as the error occurred at sentencing, and thus, the Government must prove that the sentence *458 would have been no different had the error not occurred. Cotton's concern with the integrity of judicial proceedings and its resulting consideration of the evidence has no place here: the integrity of judicial proceedings is the last prong of the plain-error test, and it is absent from the harmless-error test. The concurrence proceeds from the vantage point of the purportedly defective indictment. This, too, is flawed. Nothing was wrong with Lewis’s indictment: the error was in sentencing Lewis using the mandatory minimum applicable to a crime more serious than the crime of conviction.

. There may be a case where the sentencing court makes it clear that it is not sentencing the defendant based on the mandatory minimum. In such a case, we could conclude that the Alleyne error did not impact the sentence. See United States v. Langford, 516 F.3d 205, 215 (3d Cir.2008) ("For the error to be harmless, it must be clear that the error did not affect the district court’s selection of the sentence imposed.”). If the Government meets its heavy burden to show that the error would have made no difference to the sentence — i.e., had the defendant been sentenced for the crime for which he was convicted, his sentence would have been the same — then we may affirm under harmless-error review. However, we would remand for resentencing unless we are certain that the error made no difference to the sentence.