NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2705
_____

UNITED STATES OF AMERICA

v.

LAMONT LAPRADE,
aka Lamont Laprade El,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-10-cr-00019-002)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 2, 2018

Before: SMITH, *Chief Judge*, HARDIMAN, and RESTREPO, *Circuit Judges*.

(Filed: May 9, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Lamont LaPrade appeals a judgment of sentence that was amended as a result of a successful motion under 28 U.S.C. § 2255. Because his only argument is one he originally raised in a separate, still-pending § 2255 motion, we will affirm.

I

LaPrade was sentenced to 190 months' imprisonment after a jury in the United States District Court for the Western District of Pennsylvania convicted him on charges stemming from an armed bank robbery. The only count of the indictment relevant to this appeal (Count 6), charged LaPrade with using and carrying a firearm "during and in relation to" a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), which carries a mandatory minimum sentence of 60 months' imprisonment. *Id.* § 924(c)(1)(A)(i). The mandatory minimum increases to 84 months if the firearm is brandished, *id.* § 924(c)(1)(A)(ii), and 120 months if it is discharged, *id.* § 924(c)(1)(A)(iii).

Having found that LaPrade discharged his .45 caliber handgun during an attempted escape following the robbery, the District Court sentenced him to 120 months' imprisonment. That fact, however, was never put to the jury. The Court had instructed the jury that in order to convict LaPrade on Count 6, it would suffice to find only that he had "used or carried" a firearm during and in relation to a crime of violence. *United States v. LaPrade*, 673 F. App'x 198, 200, 204 n.11 (3d Cir. 2016). Accordingly, "[t]he jury never made a finding that LaPrade actually discharged the gun, or even brandished it." *Id.* at 200. LaPrade appealed his conviction, which we affirmed. *See United States v. Laprade*, 511 F. App'x 181, 182 (3d Cir. 2013).

Within the 90-day period in which LaPrade could file a petition for a writ of certiorari, the Supreme Court decided *Alleyne v. United States*, 570 U.S. 99 (2013). There, the Court held that "if a defendant is convicted of using or carrying a firearm during and in relation to a crime of violence, but is instead sentenced for brandishing a firearm, the defendant's Sixth Amendment right to be tried by a jury for the crime of brandishing a firearm has been violated." *United States v. Lewis*, 802 F.3d 449, 454 (3d Cir. 2015) (en banc) (citing *Alleyne*, 570 U.S. at 116–17). Relying on *Alleyne*, LaPrade filed a motion with the District Court under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. The District Court denied the motion. We reversed and remanded for resentencing, concluding that the District Court had committed "an obvious *Alleyne* error." *LaPrade*, 673 F. App'x at 205.

While that appeal was pending, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2552 (2015). In that case, the Court held that the so-called residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. *Id.* at 2563; *see* 18 U.S.C § 924(e)(2)(B)(ii). LaPrade applied to this Court under 28 U.S.C. § 2244(b) for leave to file a successive § 2255 motion based on *Johnson*. We immediately stayed consideration of LaPrade's application, and that stay remains in effect.

The following month, LaPrade protectively filed his as-yet unauthorized § 2255 motion with the District Court. Citing the similarity of the ACCA's residual clause to the residual clause in 18 U.S.C. § 924(c), *see id.* § 924(c)(3)(B), LaPrade argued that the latter was also void for vagueness, so his armed bank robbery conviction could not serve

as a predicate crime of violence for purposes of § 924(c)(1)(A) as charged in Count 6. The District Court stayed its adjudication of LaPrade's new § 2255 motion pending this Court's ruling on his application under § 2244(b).

With the stay on LaPrade's protective filing still in effect, the District Court held the resentencing hearing that this Court had ordered based on his initial § 2255 motion. At the hearing, LaPrade challenged his conviction and sentence on Count 6, raising the same *Johnson* argument contained in his subsequent § 2255 motion which, as noted, had not yet been authorized by this Court. The District Court agreed with the Government that the argument fell outside the "defined purpose of th[e] proceeding." App. 62. The Court announced that it would reduce LaPrade's sentence for Count 6 from 120 to 60 months' imprisonment to correct the *Alleyne* error—thereby reducing his aggregate sentence to 130 months—but would leave the sentence for the other counts undisturbed. After noting that LaPrade's *Johnson* argument would be considered if and when his successive § 2255 motion was adjudicated, the Court asked LaPrade if he wanted the stay on that motion to be lifted. LaPrade answered no, the Court agreed to maintain the stay, and LaPrade timely appealed his amended sentence.

II[1]

LaPrade argues on appeal—as he did in his as-yet unauthorized § 2255 motion and again at his resentencing—that *Johnson* required the District Court to vacate his conviction and sentence on Count 6. Whatever the merits of this argument, the District Court did not err in refusing to consider it, for two reasons.

First, when we remanded LaPrade's case for resentencing, we did so for a limited purpose: to correct the *Alleyne* error infecting his sentence on Count 6. The mandate on remand directed the District Court to proceed "in accordance with the opinion," Judgment at 2, *LaPrade*, 673 F. App'x 198 (3d Cir. 2016) (No. 15-1700). Our opinion addressed only the *Alleyne* issue. *See LaPrade*, 673 F. App'x at 201 n.3. As LaPrade's *Johnson* argument was not before us, our opinion did not contemplate—let alone instruct—its consideration on remand. The opinion concluded by instructing the District Court "to grant [LaPrade's § 2255] motion and resentence LaPrade in accordance with this opinion and in consideration of 18 U.S.C. § 924(c)(1)(A) and the Sentencing Guidelines." *Id.* at 205; *see also id.* at 199 (stating that remand would be ordered "for re-sentencing to correct the *Alleyne* error").

Second, under § 2244(b), the District Court lacked—and will continue to lack—jurisdiction to consider LaPrade's *Johnson* argument unless and until this Court grants his

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2255. Our jurisdiction lies under 28 U.S.C. §§ 1291, 2253, and 2255. We review the sentence imposed by the District Court for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

still-pending application for leave to file a successive § 2255 motion. *See Robinson v. Johnson*, 313 F.3d 128, 139–40 (3d Cir. 2002). To hold otherwise would allow LaPrade to make an end run around the statutory bar on unauthorized successive § 2255 motions by raising an as-yet unauthorized claim in an unrelated § 2255 proceeding. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson*, 313 F.3d at 140 ("It would circumvent the intent of the gatekeeping function of § 2244 for a district court to proceed to rule on the merits of a second or successive petition . . . before the court of appeals has made a decision whether to let the petition . . . proceed in the district court.").[2]

## III

For the reasons stated, we will affirm the District Court's judgment of sentence.

---

[2] As noted, LaPrade challenges his conviction under 18 U.S.C. § 924(c)(1)(A), not just his sentence. LaPrade followed the proper course by applying to this Court for leave to file a successive § 2255 motion challenging his conviction with the District Court. If his application is granted, he will have the opportunity to challenge both his conviction and his sentence.