NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2929
_____

UNITED STATES OF AMERICA

v.

JOHN D. GLENN, JR.,
                                        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cr-00099)
District Judge: Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 10, 2020

Before:  MCKEE, PORTER and FISHER, *Circuit Judges*.

(Filed: March 9, 2021)
_____

OPINION[*]

_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John Glenn was convicted of two counts of bank fraud[1] and one count of conspiracy to commit bank fraud.[2] He appeals, arguing that the District Court erred in denying his motion for a new trial. We will affirm.[3]

Glenn first argues that the District Court committed plain error when it failed to instruct the jury on an essential element of the bank fraud offense: whether the victims were mortgage lending businesses.[4] Because Glenn, who was *pro se*, did not object to the jury instructions at trial, we review for plain error. "To prevail on plain error review, [the appellant] must establish that [1] there was an error, [2] that it was plain (i.e., clear under current law), and [3] that it affected [his] substantial rights."[5] "If all three conditions are met," [4] we "may then exercise [our] discretion to notice a forfeited error, but only if . . . the error seriously affect[s] the fairness, integrity, or public reputation of

---

[1] "Whoever knowingly executes, or attempts to execute, a scheme or artifice--(1) to defraud a financial institution; or (2) to obtain any of the moneys . . . of . . . a financial institution, by means of false or fraudulent pretenses . . . shall be fined . . . or imprisoned . . . or both." 18 U.S.C. § 1344.

[2] 18 U.S.C. § 1349 ("Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.").

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[4] A "financial institution" is defined, among other things, as "a mortgage lending business . . . or entity that makes in whole or in part a federally related mortgage loan." 18 U.S.C. § 20(10). "A 'mortgage lending business' is 'an organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies and any subsidiaries of such organizations, and whose activities affect interstate or foreign commerce.'" *United States v. Fattah*, 914 F.3d 112, 183 (3d Cir. 2019) (quoting 18 U.S.C. § 27).

[5] *Id.* at 172 (citing *United States v. Olano*, 507 U.S. 725, 733-34 (1993)).

the judicial proceedings."[6]

Here, the government concedes that the District Court's failure to instruct the jury on an element of the crime constituted an error that was obvious under current law, satisfying the first two conditions. But it contends the error did not affect Glenn's substantial rights or the fairness, integrity, or public reputation of the proceedings, as required by the third or fourth conditions. Glenn argues otherwise, claiming that by telling the jury that the victim entities were mortgage lending businesses, the District Court "usurp[ed] the role of the jury," which was to find the elements of the offense.[7] Glenn posits that this was structural error similar to an impermissible mandatory presumption because the government did not have to prove that the fraudulent scheme had "some real connection to a federally insured bank"[8] as required under 18 U.S.C. § 1344(2).[9] The error, he says, violated his substantial rights.

After a review of the trial record,[10] we agree with the government. There was no

---

[6] *United States v. Andrews*, 681 F.3d 509, 517 (3d Cir. 2012) (internal quotation marks omitted) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

[7] *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 432 (3d Cir. 2013) (en banc).

[8] *Loughrin v. United States*, 573 U.S. 351, 366 (2014).

[9] *United States v. Korey*, 472 F.3d 89, 94 (3d Cir. 2007) (finding that a statement "directly foreclos[ing] independent jury consideration of whether the facts proved established certain elements of the offense" amounted to an improper mandatory presumption (quoting *Carella v. California*, 491 U.S. 263, 266 (1989))).

[10] *See United States v. Johnson*, 899 F.3d 191, 200 (3d Cir. 2018) ("[W]e will review the record of Johnson's trial to determine whether the District Court committed plain error when it failed" to give jury instructions "on an element listed in the indictment.").

structural error here,[11] and the "third factor [of plain error review] is not met . . . because there is not 'a reasonable probability' that the [C]ourt's failure to instruct the jury [on an element of the offense] 'affected the outcome'" of Glenn's trial.[12] Specifically, there was "overwhelming evidence" showing that "[n]o reasonable juror could conclude"[13] that the victims were not mortgage lending businesses, as representatives from each of the three victim-entities testified that their businesses engaged in mortgage lending activities.[14]

Glenn argues that the government asserted only one interstate mortgage transaction, which he contends was not sufficient to make the institutions mortgage lending businesses. There is no statutory requirement, however, to show that an

---

[11] *United States v. Vazquez*, 271 F.3d 93, 103 (3d Cir. 2001) ("Trial errors resulting from a failure to submit an element of an offense to the jury are not structural defects, but instead, are subject to . . . plain error analysis."); *Johnson*, 520 U.S. at 468-69 (Structural errors are found "in a very limited class of cases" such as "a total deprivation of the right to counsel," a "lack of an impartial trial judge," or an "unlawful exclusion of grand jurors of [the] defendant's race.").

[12] *Johnson*, 899 F.3d at 200 (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

[13] *Johnson*, 520 U.S. at 465 (internal quotation marks omitted); *see also Johnson*, 899 F.3d at 200 ("A court's failure to instruct on an element listed in the indictment is not plain error if we determine that it is 'clear beyond a reasonable doubt that a rational jury' would have found the element in question 'absent the error.'" (quoting *United States v. Lewis*, 802 F.3d 449, 456 (3d Cir. 2015))).

[14] *See* App. 205 (testimony that Oroton Equities "constitute[d] an organization which finances or refinances debt secured by interest in real estate, including private mortgage companies" and did business "in interstate commerce"); App 425-26 (testimony that Stout Street Funding, LLC, was "a private lender that lends to property investors," "including private mortgage companies," and that its business "affect[ed] interstate commerce"); App. 525 (testimony that National Capital Management, LP, was "an organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies").

4

institution has a large volume of mortgage business or transactions. An organization engaged in such business "even for a brief time" qualifies as a mortgage lender. [15]

"Because the first three plain-error prongs are not all met, we need not reach the fourth."[16] But even if we were to reach the fourth condition, "we would not exercise our discretion to correct the error" because "where the jury is not instructed on an element of a crime, but the evidence of that element is overwhelming and uncontroverted, . . . the error does not 'seriously affect[] the fairness, integrity or public reputation' of the proceedings."[17]

Next, Glenn argues that even if the plain error standard is not satisfied here, his conspiracy conviction still cannot stand because the government failed to prove that Oroton, in particular, was in the mortgage lending business, and the jury's general verdict on conspiracy may have rested solely on Glenn's dealings with Oroton. We treat this as a challenge to the sufficiency of the evidence on whether Oroton was in the mortgage lending business.[18] "[O]ur review for sufficiency is . . . highly deferential, and we will

---

[15] *Fattah*, 914 F.3d at 183; *see also United States v. Springer*, 866 F.3d 949, 953 (8th Cir. 2017) (finding that the mortgage lending business "need only . . . be in the interstate mortgage lending business in general").

[16] *Johnson*, 899 F.3d at 200 (citing *Marcus*, 560 U.S. at 265).

[17] *Id*. at 200-01 (quoting *Vazquez*, 271 F.3d at 105).

[18] Glenn argues that we should review this issue de novo because it involves the interpretation of a statute, *i.e.*, 18 U.S.C. § 27 (defining "mortgage lending business"). But in fact, Glenn's argument requires no parsing of the statute; it hinges rather on his assertion that "Oroton's unsupported statement" that it was indeed a mortgage lender did not "establish[] [that fact] beyond a reasonable doubt." Appellant's Br. 31.

overturn a verdict only if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt."[19] That is not the case here. As we have already noted, a representative of Oroton testified at trial that his firm had a mortgage division, that it financed debt secured by real estate, and that it did business in interstate commerce.

Glenn contends that the bank fraud statute does not consider every financial transaction of the entity, but only those that involve mortgages. He further argues that Oroton did not grant him a mortgage loan, but merely considered extending him funds as part of an arbitrage transaction. This argument fails because we have held that the fraud need not "occur in connection with the same transaction that places the entity within the definition of [a] financial institution."[20] Additionally, as explained above, a large volume of business is not a statutory requirement for an entity to qualify as a mortgage lending business. After viewing the record in the light most favorable to the government,[21] we find that a rational trier of fact could have found that Oroton was a mortgage lender.

Even if Glenn were correct regarding the sufficiency of the evidence on Oroton's status, he would not be entitled to relief. Where, as here, "a jury returns a general verdict of guilty on a multi-object conspiracy count, the conviction will stand . . . so long as there

---

[19] *Caraballo-Rodriguez*, 726 F.3d at 430-31 (internal quotation marks and citation omitted).

[20] *Fattah*, 914 F.3d at 184 (internal quotation marks and citation omitted).

[21] *See* 726 F.3d at 424-25 (when reviewing a sufficiency challenge, we view the evidence in the light most favorable to the government)

is sufficient evidence to support *any one* of the objects of the conspiracy."[22]

For these reasons, we will affirm.

---

[22] *United States v. Conley*, 92 F.3d 157, 163 (3d Cir. 1996) (emphasis added).