**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3113
_____

UNITED STATES OF AMERICA

v.

MICHEL CERCONE,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-19-cr-00008-005)
District Judge: Honorable J. Nicholas Ranjan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 18, 2024

Before: HARDIMAN, SMITH, and FISHER, *Circuit Judges*.

(Filed: April 23, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Michel Cercone appeals her judgment of sentence, claiming the District Court erred in calculating the total drug weight for which she was responsible under the United States Sentencing Guidelines. We will affirm.

I

From 2017 to 2019, Cercone participated in an extensive drug-trafficking organization in western Pennsylvania led by Noah Landfried. Cercone helped Landfried distribute cocaine, oxycodone, and K2. A licensed realtor, Cercone also helped Landfried purchase residential properties using drug proceeds. After a federal investigation uncovered evidence of Cercone's role in Landfried's criminal enterprise, she was indicted for conspiracy to distribute and possess with intent to distribute Schedule I, II, and III controlled substances in violation of 21 U.S.C. § 846. She was also charged with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).

In December 2021, Cercone was tried before a jury along with Landfried and Anthony Smith, another co-conspirator. The jury convicted Cercone on both counts alleged against her in the superseding indictment.

At sentencing, Cercone objected to the drug-quantity calculation of 1,197.6 kilograms of converted drug weight in the Presentence Investigation Report, arguing that it relied on "factual[ly] unsupported conclusion[s]" and "fail[ed] to provide sufficient indicia of reliability." App. 175. Following an evidentiary hearing, in which the Government introduced various statements made by Cercone during proffer sessions, as well as written submissions by both parties, the District Court overruled Cercone's

2

objection:

> During her proffer interviews, Ms. Cercone admitted that she received five kilograms of cocaine from Mr. Landfried at a cost of $34,000 for each kilogram. She also admitted that she later sold those kilograms to someone named John Burns. *These admissions were corroborated by testimony from [James] Perry.* He testified at trial that he "picked up around $64,000" from Ms. Cercone as payment for cocaine that Mr. Landfried had supplied her. *And they were also corroborated by [Joseph] Evans's testimony* that he knew that Ms. Cercone was involved in cocaine trafficking and that he discussed cocaine pricing with her.

*United States v. Landfried*, 2022 WL 3370041, at *7 (W.D. Pa. Aug. 16, 2022) (emphasis added) (citations omitted). Sustaining the drug-quantity calculation of 1,000 to 3,000 kilograms of converted drug weight yielded a base offense level of 30 under U.S.S.G. § 2D1.1(c)(5). Various enhancements resulted in a total offense level of 34. When combined with a criminal history category of I, Cercone's advisory Guidelines range was 151 to 188 months' imprisonment. The District Court sentenced her to 151 months' imprisonment followed by 4 years' supervised release. Cercone timely appealed,[1] challenging only her sentence.

## II

Cercone primarily argues that the District Court improperly considered her proffer statements at sentencing because her agreement prohibited the Government from introducing these statements unless Cercone "present[ed] a position contrary to the proffer through witness testimony or through written or oral argument by counsel." ECF No. 42-2, at 3. But testimony from two of her co-conspirators, Perry and Evans, suffices

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

to attribute five kilograms[2] of cocaine to Cercone. So any error as to the proffer statements would be harmless.[3] *See United States v. Lewis*, 802 F.3d 449, 456 (3d Cir. 2015).

The District Court favorably assessed Perry's testimony, *see Landfried*, 2022 WL 3370041, at *7, which is "entitled to great deference at the appellate level," *United States v. Givan*, 320 F.3d 452, 464 (3d Cir. 2003) (citation omitted). Perry testified that he personally delivered one kilogram of cocaine to Cercone. App. 432–33. He also testified that he had attended a meeting with Cercone, Landfried, and Christopher Gahagan, one of Cercone's cousins, to discuss four more kilograms of cocaine that Gahagan had received from Landfried without providing payment. App. 436–39; *see United States v. Collado*,

---

[2] In its verdict, the jury attributed "500 grams or more but less than 5 kilograms" of cocaine to Cercone. App. 1375. The District Court's drug-quantity determination at sentencing does not contradict the verdict, as such a finding need only be supported by a preponderance of the evidence. *See United States v. Jimenez*, 513 F.3d 62, 88 (3d Cir. 2008). *See also United States v. Freeman*, 763 F.3d 322, 335 (3d Cir. 2014) ("While the Supreme Court [has] made clear that any fact that increases a defendant's statutory minimum sentence must be found by a jury beyond a reasonable doubt, this rule does not foreclose a district court's ability to engage in some judicial factfinding.") (citing *Alleyne v. United States*, 570 U.S. 99, 107–08 (2013)).

[3] Cercone's inquiry concerning the sufficiency of the evidence for the District Court's drug-quantity calculation did not constitute the taking of a position contrary to her earlier proffer. Instead, Cercone did no more than ask the Government to explain how it met its burden of proving drug weight. *See* App. 175–76 ("The information set forth in the PSR . . . fails to provide sufficient indicia of reliability to support the conclusion that Michel Cercone should be attributed a converted drug weight of 1,197.60 [k]ilograms."). In requesting that the Government offer such proof, Cercone was able to confirm that the Government, as promised in the proffer agreement, had not used her statements against her unless she had taken a position contrary to her proffer. *See United States v. Araujo*, 622 F.3d 854, 861–62 (7th Cir. 2010) ("A contention that the government had not carried that burden . . . would not by itself be inconsistent with Araujo's proffer statement.").

975 F.2d 985, 992 (3d Cir. 1992) ("[I]t is appropriate to hold a defendant who exhibits a substantial degree of involvement in the conspiracy accountable for reasonably foreseeable acts committed by a co-conspirator.").

Perry's testimony was sufficiently reliable because: (1) it included "the provision of facts and details"; (2) it was broadly corroborated by other testimony from Evans, who recounted conversations in which he and Cercone discussed trafficking cocaine, App. 868, 872–73; and (3) Cercone cross-examined Perry on these issues, App. 506–09. *United States v. Freeman*, 763 F.3d 322, 337 (3d Cir. 2014) (citations omitted). The District Court thus did not err in its drug-quantity determination. *See United States v. Diaz*, 951 F.3d 148, 159 (3d Cir. 2020).

Because the five kilograms of cocaine attributed to Cercone alone suffice to support a base offense level of 30,[4] we need not address Cercone's challenges to the District Court's other drug-quantity calculations, as any errors that may have been made as to those calculations would be harmless as well. *See Diaz*, 951 F.3d at 159.

\*　　　\*　　　\*

For the reasons stated, we will affirm the judgment of the District Court.

---

[4] Applying U.S.S.G. § 2D1.1, cmt. n.8(D), 1 gram of cocaine equals 200 grams of converted drug weight, so 5 kilograms of cocaine equals 1,000 kilograms of converted drug weight—a quantity within the range of 1,000 to 3,000 kilograms for a base offense level of 30 under U.S.S.G. § 2D1.1(c)(5).