

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2002

# USA v. Hoffman

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2588

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Hoffman" (2002). *2002 Decisions.* Paper 777.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/777

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 02-2588


UNITED STATES OF AMERICA

v.

MARCELLAS HOFFMAN,
a/k/a MOE

Marcellas Hoffman,

Appellant


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 01-00169-2)
Honorable Robert F. Kelly, District Judge


Argued October 18, 2002

BEFORE: ROTH and GREENBERG, Circuit Judges,
and WARD, District Judge*

(Filed:  November 26, 2002)




*Honorable Robert J. Ward, Senior Judge of the United States District Court for the
Southern District of New York, sitting by designation.


                         Patrick L. Meehan
                         United States Attorney
                         Laurie Magid
                         Deputy United States Attorney
                         for Policy and Appeals
                         Robert A. Zauzmer (argued)
                         Assistant United States Attorney
                         Senior Appellate Counsel
                         Walter S. Batty, Jr.
                         Curtis R. Douglas
                         Assistant United States Attorneys
                         Suite 1250
                         615 Chestnut Street
                         Philadelphia, Pa. 19106

                         Attorneys for Appellee

                     Ronald B. Thompson (argued)

3003 Lincoln Drive West
Suite E
Marlton, New Jersey 08053

Attorney for Appellant


OPINION OF THE COURT


GREENBERG, Circuit Judge.

        This matter comes on before this court on an appeal from an order entered on May 15, 2002, denying appellant Marcellas Hoffman's motion to dismiss the indictment in this case on double jeopardy grounds.  The circumstances of the case are as follows.  A grand jury in the Eastern District of Pennsylvania returned a five-count indictment against Hoffman charging him with conspiracy to distribute heroin in violation of 21 U.S.C.   846, count one; carrying a firearm during and in relation to a drug felony in violation of 18 U.S.C.   924(c), count two; brandishing a firearm during and in relation to a drug felony in violation of 18 U.S.C.   924(c), count three; discharging a firearm during and in relation to a drug felony in violation of 18 U.S.C.   924(c), count four; and being a felon in possession of a firearm in violation of 18 U.S.C.   922(g), count five.  Hoffman pleaded not guilty to all of the charges.

        At the trial the district court conducted an evidentiary hearing under Fed. R. Evid. 404(b) with respect to whether the government should be able to introduce evidence of Hoffman's drug transactions with Juan Rosado, a government witness.  The district court ruled that the government could not make reference to these transactions though it did permit evidence that the two men had met.  We, of course, are not concerned on this appeal with any question regarding whether this ruling was correct and the government in its brief does not challenge the ruling.  Notwithstanding the limitation on the government's proofs its questioning of Rosado led the court to conclude that the jury might "infer that . . . meetings between Rosado and [Hoffman] were drug transactions, thus nullifying the Court's earlier ruling excluding that evidence."  United States v. Hoffman, Cr. No. 01-169-2, 2002 U.S. Dist. LEXIS 10303, at *5 (E.D. Pa. June 10, 2002).  Consequently, on Hoffman's motion the court granted a mistrial.

        Before the case was retried, Hoffman moved to dismiss the indictment on double jeopardy grounds contending that the prosecution acted wrongfully and intentionally provoked Hoffman into moving for a mistrial.  The district court denied that motion whereupon Hoffman appealed.  Subsequently the district court filed the opinion to which we refer above setting forth its reasons for denying the motion.

        In its opinion the district court explained that Hoffman contended that the principles enunciated in Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083 (1982), barred the retrial on double jeopardy grounds as the government attempted to provoke a motion for a mistrial.  The court pointed out that under Kennedy a retrial would be barred if the government's conduct was intended to "goad" the defendant into moving for a mistrial.  Id. at 675-76, 102 S.Ct. at 2089.  The court then set forth its conclusion as follows:

                After applying the standard as set forth in Kennedy, this Court
        finds that the exception does not apply in this case as the Government's
        conduct was not intended to provoke the Defendant to move for a
        mistrial.  Rather, the Government's questioning of the witness
        effectively nullified the Court's earlier ruling regarding the admission
        of testimony regarding the nine prior drug transactions between the
        Defendant and the witness.  This Court granted the Defendant's motion
        for a mistrial since jury could infer that there was information about the
        prior meetings that they were not allowed to know.  Although the
        Government could have possibly avoided the mistrial by instructing
        Rosado before he took the stand not to mention the prior drug
        transactions with Defendant, this conduct was not intended to provoke
        Defendant to move for a mistrial.  Therefore, this Court finds that the

> Government's conduct did not rise to the level of prosecutorial
> misconduct necessary to invoke double jeopardy as it did not intend to
> provoke a mistrial, and, thus, the Double Jeopardy clause does not bar
> retrial of Defendant.

Hoffman, 2002 U.S. Dist. LEXIS 10303, at * 8-9.

While ordinarily we would not have jurisdiction over an appeal pending a retrial, in this case the collateral order doctrine is applicable and thus we exercise jurisdiction under 28 U.S.C. 1291. See Abney v. United States, 431 U.S. 651, 661-62, 97 S.Ct. 2034, 2041-42 (1977). Our review is plenary with respect to the legal issues before us but is deferential as it is predicated on a clear error basis with respect to the district court's findings of fact. Kennedy, 456 U.S. at 675, 102 S.Ct. at 2089; United States v. Smith, 82 F.3d 1261, 1265 (3d Cir. 1996); United States v. Vallejo, 297 F.3d 1154, 1162 (11th Cir. 2002).

After a careful review of this matter we have determined to affirm the order of May 15, 2002. Exercising plenary review we agree with the district court's explanation of the law. Furthermore, we cannot find clear error in the district court's conclusion that the government's "conduct was not intended to provoke [Hoffman] to move for a mistrial." Hoffman, 2002 U.S. Dist. LEXIS 10303, at *9. In this regard we point out that the district court obviously is in a far better position to ascertain the government's subjective intentions than are we as its presence at the trial gave it a feel for the situation that we cannot have.

The order of May 15, 2002, will be affirmed.

/s/ Morton I. Greenberg
Circuit Judge

DATED:      November 26, 200