

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2008

# USA v. Hoffman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4697

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Hoffman" (2008). *2008 Decisions.* Paper 1370.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1370

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 06-4697 and 06-5100
_____

UNITED STATES OF AMERICA

v.

MARCELLAS HOFFMAN
a/k/a Moe

MACCELLAS HOFFMAN,

Appellant No. 06-4697

MARCELLAS HOFFMAN,
a/k/a Moe

Appellant No. 06-5100
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cr-00169-2)
District Judge: Honorable Robert F. Kelly
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2008

Before: FISHER, GREENBERG and ROTH, *Circuit Judges*.

(Filed: March 28, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

This appeal, which is the consolidation of Nos. 06-4697 and 06-5100, involves a criminal matter that reaches us for the third time. Appellant Marcellas Hoffman challenges primarily the District Court's denial of his motion for a new trial after a jury convicted him, inter alia, of conspiracy to distribute and possess with intent to distribute heroin and cocaine. He also raises a sentencing issue.[1] For the reasons that follow, we will affirm the District Court in all respects.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Our previous decisions in this matter can be found at 52 F. App'x 591 (3d Cir. 2002) and 148 F. App'x 122 (3d Cir. 2005). Our more recent decision amply summarizes the facts leading to Hoffman's prosecution. In particular, Hoffman was a distributor for Juan Rosado, who ran a multi-million dollar cocaine and heroin organization. On

---

[1]He also argues that there was an attorney conflict of interest at trial. However, this appeal from the denial of a motion for a new trial and from resentencing does not permit Hoffman to raise issues challenging his conviction because all those issues should have been raised in his earlier appeal. *See United States v. Pultrone*, 241 F.3d 306, 307-08 (3d Cir. 2001).

February 25, 2002, Hoffman's first trial began, which ended in a mistrial. In our 2002 decision, we held that Hoffman could be retried without violating double jeopardy.

On March 6, 2003, a grand jury returned a six-count second superseding indictment against Hoffman. Upon completion of the retrial, a petit jury convicted Hoffman on all counts, including the count most relevant here: conspiracy to distribute and possess with intent to distribute in excess of 100 grams of heroin and in excess of 500 grams of cocaine. The District Court sentenced Hoffman to essentially life imprisonment. In Hoffman's second appeal, which we decided on September 13, 2005, we affirmed the conviction over, inter alia, an insufficiency of the evidence challenge. We nonetheless vacated the sentence and remanded for resentencing because *United States v. Booker*, 543 U.S. 220 (2005), had been decided in the interim.

Pending resentencing, on May 3, 2006, Hoffman moved for a new trial on the grounds of newly discovered evidence. Specifically, Hoffman argued that cell phone records he had not been able to obtain earlier directly and materially rebutted a Government summary exhibit admitted at his retrial. On October 24, 2006, the District Court denied Hoffman's motion in a written memorandum that analyzed his failure to establish any of the requirements under relevant case law.

On December 11, 2006, the District Court held the *Booker* resentencing hearing. It adopted the findings in the original Presentence Report and sentenced Hoffman to

consecutive sentences of 30 years, 10 years, and 25 years on the various counts. Hoffman again appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to grant or deny a motion for new trial for abuse of discretion. *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006). We review a district court's decision to exclude witnesses at sentencing for abuse of discretion. *United States v. Mitchell*, 366 F.3d 376, 379 (5th Cir. 2004) (per curiam).

Under Fed. R. Crim. P. 33, one of the five requirements that Hoffman must meet to be awarded a new trial on the basis of newly discovered evidence is that the evidence "must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal." *Cimera*, 459 F.3d at 458. We agree with the District Court that Hoffman fails to meet this requirement because his later-obtained cell phone records do not rebut the raw data indicating that he placed calls to phone numbers associated with the Rosado drug organization, just not all to the same number. Hence, a corrected Government summary exhibit necessitated by Hoffman's "new evidence" would be just as damaging to his case.

Moreover, in our discussion of the sufficiency of the evidence to convict Hoffman in deciding his second appeal, we summarized the evidence against him:

> "[T]here was evidence that Rosado ran a large cocaine and heroin distribution organization, that Hoffman distributed drugs in Virginia, and

4

that Hoffman wanted Rosado to be his source for the drugs he sold in Virginia. There was also evidence of multiple drug transactions between the two men at which Hoffman purchased large amounts of cocaine and heroin, and evidence of trust as shown by the fact that Rosado permitted Hoffman to purchase some of the drugs on credit. Finally, the jury heard evidence that Hoffman was aware of other parts of Rosado's drug conspiracy, such as where he obtained his drugs and the identities of some of the employees he used to distribute them, and that Hoffman frequently called Rosado to agree upon drug purchase amounts, prices, meeting times, and places."

148 F. App'x at 127. We wrote that description based mostly on face-to-face meetings, including one in which Hoffman informed Rosado that "he could get rid of a truckload of drugs in Virginia and that he just needed somebody that could supply him with good quantities and good price." *Id.* at 124. The cell phone calls were just a small part of the numerous contacts Rosado and Hoffman made with each other. Therefore, we agree with the District Court that Hoffman's later-obtained cell phone records would not probably produce an acquittal, so the District Court did not abuse its discretion in denying Hoffman's motion for a new trial.

Finally, Hoffman fails to show how the District Court abused its discretion in excluding a number of the witnesses he desired to call during resentencing. Leaving aside the question whether our *Booker* remand precluded the recalculation of Hoffman's sentencing range under the Guidelines, we conclude that none of the witnesses excluded by the District Court would have impacted Hoffman's sentence. Hoffman's witnesses, who apparently would have testified about pre-trial and at-trial prosecutorial misconduct, were not improperly excluded because the alleged misconduct had nothing to do with

5

Hoffman's offense characteristics or criminal history.  Hoffman himself cites not a single

case in which such misconduct impacted a defendant's sentence.[2]

As for the witnesses who apparently would have testified regarding the quantity of

drugs attributable to Hoffman, the sentencing transcript indicates that Hoffman was trying

to use those witnesses to contradict evidence from trial, so the District Court did not

abuse its discretion in weighing the trial evidence more than the contradictory evidence

Hoffman described at resentencing.

III.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[2]For the sake of completeness, we note that we do not suggest that prosecutorial misconduct never plays a role in sentencing, such as when such misconduct directly impacts the sentence, *see*, *e.g.*, *Wade v. United States*, 504 U.S. 181, 185-86 (1992) (prosecutor's improper failure to file a motion for downward departure pursuant to Guidelines § 5K1.1); *United States v. Yeaman*, 248 F.3d 223, 230 (3d Cir. 2001) (disparity in sentence when compared to co-defendant caused by prosecutorial misconduct), or when it mitigates a defendant's role in the crime pursuant to Guidelines § 5K2.12.  *See*, *e.g.*, *United States v. Garza-Juarez*, 992 F.2d 896, 910 (9th Cir. 1993) (Aldisert, J.).  But those instances are a far cry from Hoffman's attempted play of the prosecutorial misconduct card at resentencing here.