BLD-185                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1186
_____

MARCELLAS HOFFMAN,
Appellant

v.

ROBERTO RASHID;
CINGULAR WIRELESS THE NEW AT&T

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-3159)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2010

Before: McKEE, Chief Judge, RENDELL and CHAGARES , Circuit Judges.

(Filed: July 28, 2010 )
_____

OPINION OF THE COURT
_____

PER CURIAM

Marcellas Hoffman was convicted in the United States District Court for the

Eastern District of Pennsylvania of crimes for his role in a "multi-million dollar cocaine

and heroin organization." United States v. Hoffman, 271 F. App'x 227, 228 (3d Cir. 2008). He was sentenced to an aggregate term of sixty-five years of imprisonment. In August 2007, Hoffman filed this lawsuit against Roberto Rashid, a government witness during Hoffman's criminal trial, and Rashid's employer, AT&T. In his complaint, Hoffman claimed that Rashid gave false and/or misleading testimony concerning Hoffman's cellular telephone records.[1] In addition, Hoffman claimed that AT&T's practice of publishing certain "routing numbers" in its telephone records violated some unspecified provision of the Federal Communications Act ("FCA").[2]

Rashid and AT&T moved to dismiss Hoffman's complaint under, *inter alia*, Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted the motion. The District Court determined that because the FCA contains a two-year statute of limitations, Hoffman's claims under that statute were time-barred. The District Court determined that even if Hoffman's claims under the FCA were timely, he failed to "allege a violation of the FCA upon which this Court may grant relief." The District Court also

---

[1] Specifically, Hoffman claimed that "[it] was the willful misconduct by Mr. Roberto Rashid, and his reckless disregard for the consequences of his acts or omission by not [explaining] in more specific detail that AT&T 'routing' numbers were improperly listed on Plaintiff's telephone records and bills . . .."

[2] According to Hoffman, "[i]t was because of [AT&T and] Mr. Roberto Rashid's failure to render accurate service to Plaintiff by having 'improper routing' information in Plaintiff's telephone records and bills that cause Plaintiff's trial Judge and Jury to erroneously believe that 'routing' numbers were unlawfully used in a criminal drug conspiracy." Hoffman later specified which provisions of the FCA he believed had been violated.

2

determined that under Pennsylvania law, Rashid was entitled to absolute testimonial immunity from civil liability and, by extension, AT&T could not be held liable under a theory of respondeat superior. Hoffman appealed.[3]

Having granted Hoffman leave to proceed in forma pauperis, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Alternatively, we may take summary action if it clearly appears that Hoffman's appeal presents no substantial questions. See LAR 27.4; I.O.P. 10.6. We may affirm the District Court on any basis that finds support in the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

The only relief sought by Hoffman in his complaint is monetary damages. We thus agree with the District Court that Rashid is immune from civil liability since, as a witness who provided testimony at Hoffman's trial, he is cloaked with absolute immunity from liability. Both Pennsylvania law and federal law command this result. See Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001) ("Witnesses, including public officials and private citizens, are immune from civil damages based upon their testimony.") (citing Briscoe v. LaHue, 460 U.S. 325, 341, 345-46 (1983)); Pelagatti v. Cohen, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987) (Under Pennsylvania law, "it is well settled that private witnesses, as well as counsel, are absolutely immune from damages liability for

---

[3] The District Court exercised diversity jurisdiction pursuant to 28 U.S.C. § 1332. Our jurisdiction arises under 28 U.S.C. § 1291. We review the District Court's decision de novo. See Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009).

3

testimony, albeit false, given or used in judicial proceedings.") (citations omitted).[4]

Furthermore, even assuming, *arguendo*, that his claims were timely raised, we conclude that Hoffman's claims under §§ 201(b), 206, 206, 217, and 220(e) of the FCA are not viable because they do not demonstrate conduct by AT&T that could form the basis of an FCA violation.

Under the FCA, business practices of common carriers like AT&T cannot be "unjust or unreasonable." 47 U.S.C. § 201(b). Hoffman ostensibly claims that AT&T's alleged practice of including "routing information" in telephone records is either unjust or unreasonable. However, it is within the purview of the Federal Communications Commission, not Hoffman, "to determine whether a particular practice constitutes a violation for which there is a private right to compensation." North County Commc'ns Corp. v. California Catalog & Tech., 594 F.3d 1149, 1158 (9th Cir. 2010); see also Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550 U.S. 45, 49, 53 (2007); Prometheus Radio Project v. F.C.C., 373 F.3d 372, 391 (3d Cir. 2004).

Section 220(e) criminalizes, *inter alia*, "willfully mak[ing] any false entry in the accounts of any book of account or in any record or memoranda kept by any such [common] carrier." 47 U.S.C. § 220(e); see, e.g., United States v. Rigas, 583 F.3d 108,

---

[4] Pennsylvania follows the common law doctrine of respondeat superior. See Solomon v. Gibson, 615 A.2d 367, 371 (Pa. Super Ct. 1992). Because Rashid is immune from liability, there is no liability to impute to AT&T under a respondeat superior theory. See Restatement (Third) of Agency § 2.04 (2006) ("An employer is subject to liability for torts committed by employees while acting within the scope of their employment.").

112 (2d Cir. 2009). Even assuming that a common carrier's conduct in violation of § 220(e) could form the basis of a civil suit under the FCA, Hoffman cannot point to anything in the record to demonstrate impropriety in AT&T's record-keeping practice, or that such impropriety was specifically intended by AT&T or one of its employees.

Because he cannot independently show that AT&T violated § 201(b) or § 220(e) of the FCA, §§ 206 and 207 do not apply. See Core Commc'ns, Inc. v. Verizon Pennsylvania, Inc., 493 F.3d 333, 340 (3d Cir. 2007) ("Divorced from any provision of the [FCA], it appears that §§ 206 and 207, which make common carriers liable for damages 'under the provisions of this chapter,' do not apply."); see also Global Crossing Telecomms, Inc., 550 U.S. at 53 ("the purpose of § 207 is to allow persons injured by § 201(b) violations to bring federal-court damages actions."). And because Hoffman has failed to show that Rashid committed an FCA violation, § 217, the FCA's vicarious liability provision, also does not apply.

Accordingly, because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. Hoffman's motion for appointment of counsel is denied.