# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-2849

———————————————

United States of America

*Plaintiff - Appellee*

v.

Susan Bala

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of North Dakota - Fargo

——————————

Submitted: October 18, 2019
Filed: February 4, 2020

——————————

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

——————————

LOKEN, Circuit Judge.

In United States v. Bala, we reversed federal gambling and money laundering convictions of Racing Services, Inc. ("RSI"), and its president and sole shareholder, Susan Bala, because "the government failed to prove any of the offenses charged." 489 F.3d 334, 343 (8th Cir. 2007). RSI and Bala petitioned for a certificate of innocence, the statutory prerequisite to an action in the Court of Federal Claims

seeking damages from the government for wrongful imprisonment. See 28 U.S.C. §§ 1495, 2513. In United States v. Racing Services, Inc., we affirmed the district court's denial of the petition, concluding that "RSI and Bala were not truly innocent of state criminal gaming law violations." 580 F.3d 710, 712 (8th Cir. 2009). We refer the reader to those opinions for the complex facts that arose out of RSI's parimutuel account wagering operation in Fargo, North Dakota. Nine years after filing her first petition, Bala filed a second petition for a certificate of innocence. The district court[1] denied the petition as barred by the doctrine of *res judicata* and on the merits. Reviewing *de novo*, we agree the second petition is barred by *res judicata* and therefore affirm. See Yankton Sioux Tribe v. U.S. Dep't of Heath & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008) (standard of review).

The United States Court of Federal Claims has jurisdiction over "any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. To recover on that claim, the petitioner must submit to the Court of Federal Claims a certificate of innocence obtained from the court of conviction under 28 U.S.C. § 2513. To obtain a certificate of innocence, petitioner Bala must prove, not only that her conviction was reversed or set aside on the ground that she was not guilty of the offenses, but also that she "did not commit any of the acts charged or [her] acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and [s]he did not by misconduct or neglect cause or bring about [her] own prosecution." § 2513(a)(2). "This statute, first enacted in 1938, compensates only the truly innocent, making it necessary to separate from the group of persons whose convictions have been reversed, those few who are in fact innocent of any offense whatever." Racing Servs., 580 F.3d at 712 (quotation omitted).

_____

[1] The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

-2-

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). A suit is barred by *res judicata* (the more modern term is claim preclusion) when five elements are satisfied:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); (4) both suits are based upon the same claims or causes of action; and (5) the party against whom *res judicata* is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

Rutherford v. Kessel, 560 F.3d 874, 877 (8th Cir. 2009) (quotation and alterations omitted). On appeal, Bala argues that her second petition for a certificate of innocence is not barred by *res judicata* for two distinct reasons: (1) *res judicata* does not apply to a successive petition for a certificate of innocence because it is an "ancillary proceeding," like a motion for the return of seized property under Rule 41(g) of the Federal Rules of Criminal Procedure; and (2) because her second petition falls within the "changed circumstances" exception to the *res judicata* bar.

(1) Although a petition for a certificate of innocence is a separate civil proceeding and not part of the original criminal case, it has been called an ancillary "civil proceeding within the closed criminal case" and likened to a Rule 41(g) motion. Abu-Shawish v. United States, 898 F.3d 726, 736 (7th Cir. 2018). But Bala's assertion that successive Rule 41(g) motions are permitted without regard to *res judicata* principles does not withstand close scrutiny. Damages cannot be recovered in a Rule 41(g) motion; relief is limited to the return of property the government is wrongfully possessing. See United States v. Hall, 269 F.3d 940, 942-43 (8th Cir. 2001), cert. denied, 536 U.S. 942 (2002). Therefore, it is consistent with preclusion principles that denial of a Rule 41(g) motion "could not be given *res judicata* effect" in a subsequent civil action seeking damages. Stuart v. Rech, 603 F.3d 409, 411 (7th

Cir. 2010). On the other hand, *res judicata* does bar successive Rule 41(g) motions for return of the same property. United States v. Thompson, 703 F. App'x 455 (8th Cir. 2017) (unpublished).

More importantly, any superficial similarity between a certificate of innocence petition and a Rule 41(g) motion has no bearing on the claim preclusion issue before us. A critical element of *res judicata* is that "both suits are based upon the same claims." Rutherford, 560 F.3d at 877. To obtain damages from the government for wrongful imprisonment, a person must file a "claim" in the Court of Federal Claims. 28 U.S.C. § 1495. The "claim" may not succeed unless the claimant obtains a certificate of innocence from the court of conviction under section 2513. Congress bifurcated this damage action in two courts for obvious jurisdictional reasons. But substantively, denial of a certificate of innocence by the court of conviction is a final judgment on the merits which forecloses (denies) a damage claim in the Court of Federal Claims. Thus, the doctrine of *res judicata* applies to a civil action seeking a second certificate of innocence.

(2) Alternatively, Bala argues that her successive petition for a certificate of innocence falls within a "changed circumstances" exception to the *res judicata* bar. She argues that two subsequent events created changed circumstances that preclude application of *res judicata* to bar her successive petition: First, after her first petition for a certificate of innocence was filed, the district court granted writs of error *coram nobis* in favor of Bala's co-defendants, rejecting and withdrawing pleas of guilty and vacating and expunging their convictions "as if [they] had been reversed by the Eighth Circuit Court of Appeals on direct appeal." Second, after her first petition was denied, we upheld the district court's decision that "[t]axes the state collected from RSI on account wagering before [2007] were unauthorized under North Dakota law and must be repaid to the bankruptcy estate." In re Racing Servs., Inc., 779 F.3d 498, 505 (8th Cir. 2015).

We have never recognized a general "exception" to the *res judicata* bar based on "changed circumstances."[2] We do follow the general rule "that claim preclusion does not apply to claims that did not arise until *after* the first suit was filed." Baker Grp. v. Burlington N. & Santa Fe Ry., 228 F.3d 883, 886 (8th Cir. 2000); see generally Howard v. City of Coos Bay, 871 F.3d 1032, 1039-40 (9th Cir. 2017) (collecting cases). That rule is not an "exception" to *res judicata*, and it does not apply here -- Bala's second petition seeks the same certificate of innocence that she was previously denied.

When the second claim did not arise after the first, as in this case, we have adopted the position of Section 24 of the Restatement (Second) of Judgments: "a claim is barred by *res judicata* if it arises out of the same nucleus of operative facts as the prior claim." Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990). The pertinent question is whether the second claim is based on subsequent legal or factual events that produce a different nucleus of operative facts, not whether those events inspire new legal theories of recovery or provide additional evidence supporting the previously rejected claim. See id. at 743-44 and authorities cited.

Applying this test, the changed circumstances on which Bala relies do not avoid the *res judicata* bar. The writs of error *coram nobis* were not even "changed circumstances" -- they were granted months before Bala's first petition was denied by the district court, and Bala specifically cited the writs as evidence supporting the first petition in her brief to this court appealing denial of that petition. Racing Servs., No. 08-3287, Brief of Appellant at 3-4, 16-18. As for our decision affirming tax refunds in RSI's bankruptcy proceeding, that ruling provided nothing more than an

---

[2]This is a different question than whether a petitioner who is denied a certificate of innocence may obtain relief from that judgment under Fed. R. Civ. P. 60(b) based on newly discovered evidence or other extraordinary circumstances. See Holmes v. United States, 898 F.3d 785, 791-92 (8th Cir. 2018). Bala never sought Rule 60(b) relief in the many years after her first petition was denied.

additional issue that Bala could have raised but failed to raise in her first petition -- that she "did not commit any of the acts charged" -- or evidence that arguably supported the issue she did raise -- that her acts "constituted no offense against the United States, or any State." 28 U.S.C. § 2513(a)(2). Unlike collateral estoppel (issue preclusion), which precludes only issues of fact or law "actually litigated and necessarily decided" in the prior action, Liberty Mutual Ins. Co. v. FAG Bearings Corp., 335 F.3d 752, 760 (8th Cir. 2003), *res judicata* bars both what was raised and *what could have been raised* in the previous action. See Lane, 899 F.2d at 744; Saud v. Bank of N.Y., 929 F.2d 916, 920 (2d Cir. 1991).

Having concluded that Bala's second petition for a certificate of innocence is barred by the doctrine of *res judicata*, we need not consider the district court's alternative ground. We affirm the judgment of the district court and deny Bala's Motion for Reclassification of Case for Oral Argument.

_____