**BLD-142**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1327
_____

MARCELLAS HOFFMAN,
                                        Appellant
v.

WARDEN PHILADELPHIA FDC;
U.S ATTORNEY'S OFFICE FOR THE EASTER DISTRICT OF PA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-03007)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

May 5, 2022
Before: MCKEE, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed May 18, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Marcellas Hoffman appeals the District Court's order denying his petition under 28 U.S.C. § 2241 and his motion for a certificate of innocence. The Government has filed a motion for summary affirmance. We grant the Government's motion and will summarily affirm the District Court's judgment.

In 2003, Hoffman was convicted of several drug and firearms offenses and, after proceedings not relevant here, was sentenced to an aggregate term of 65 years' imprisonment. See E.D. Pa. Crim. No. 2:01-cr-00169, ECF No2. 225–26; see also United States v. Hoffman, 271 F. App'x 227 (3d Cir. 2008). Apparently unbeknownst to the parties, however, it appears that the Bureau of Prisons (BOP) mistakenly calculated Hoffman's sentence to run for 100 years.

The parties first noticed this error after this Court granted Hoffman permission to challenge his conviction under 18 U.S.C. § 924(c) based on the Supreme Court's intervening decision in United States v. Davis, 139 S. Ct. 2319 (2019). See C.A. No. 19-3119. As a result of Davis, the District Court vacated Hoffman's § 924(c) conviction and resentenced him to a term of 450 months in prison. See E.D. Pa. Crim. No. 2:01-cr-00169, ECF No. 354.

Hoffman then filed a petition under 28 U.S.C. § 2241. He alleged that the BOP had erroneously executed his sentence by calculating his term to run for 100 years rather than 65. He also requested a "certificate of innocence" reflecting his "innocence" of the

2

excessive term calculated by the BOP. The District Court denied all relief, and Hoffman appealed. In this Court, the Government has moved for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over the denial of the § 2241 petition. See Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011) (per curiam). While other Courts of Appeals have determined that review of the denial of a certificate of innocence is for abuse of discretion, see United States v. Abreu, 976 F.3d 1263, 1271 (11th Cir. 2020) (collecting cases), we have not reached that question and need not do so here because Hoffman would be entitled to no relief under even a de novo standard. We may take summary action if "no substantial question is presented" on ppeal. 3d Cir. L.A.R. 27.4.

We agree with the District Court's disposition of this case. Starting with Hoffman's § 2241 petition, "[i]n order to challenge the execution of his sentence . . ., [Hoffman] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). By the time that Hoffman filed his § 2241 petition, he had been resentenced to 450 months' imprisonment, and the Government presented undisputed evidence that the BOP had properly calculated that term. See ECF 7 at 6. While the BOP apparently had erred in calculating the sentence in the past, that error had been corrected by the time Hoffman filed. Thus, there was no basis for the District Court to grant § 2241 relief. Cf. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)

3

(explaining that to obtain relief, a party must show that he has an "injury in fact" that will likely "be redressed by a favorable decision" from the Court (quotation marks omitted)).[1]

Hoffman argues that he should have been awarded good conduct time for the extra 35 years in the BOP's erroneous calculation. However, a prisoner earns good conduct time on a year-to-year basis. See 18 U.S.C. § 3624(b); see also Barber v. Thomas, 560 U.S. 474, 480 (2010). The record shows that Hoffman has been awarded good conduct time for the years that he has served. See 3d Cir. ECF No. 7 at 15. He has not shown that he was entitled to anything more.

Hoffman also argues that, when he was transferred out of the Eastern District of Pennsylvania, his § 2241 petition should have been transferred as well. However, the District Court did not err in declining to transfer, because "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction." Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004); Argueta Anariba v. Dir. Hudson Cty. Corr. Ctr., 17 F.4th 434, 446 (3d Cir. 2021); cf. Barden v. Keohane, 921 F.2d 476, 477 n.1 (3d Cir. 1990). Relying on Fed. R. App. P. 23(a), Hoffman also argued that the District Court should have ordered his return to a prison in Philadelphia. But Rule 23(a) was not then applicable because the petition was before the District Court, not "[p]ending review" before this Court as the rule requires.

---

[1] In these circumstances, the District Court did not abuse its discretion in denying discovery and an evidentiary hearing. See generally Bracy v. Gramley, 520 U.S. 899, 909 (1997).

4

And, in any event, Hoffman has not shown that the transfer prejudiced his ability to litigate his petition. See Strachan v. Army Clemency & Parole Bd., 151 F.3d 1308, 1312 (10th Cir. 1998).

Finally, Hoffman claimed that he should have been granted a certificate of innocence under 28 U.S.C. § 2513.[2]  But § 2513(a)(1) requires the movant to show that "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted."  Here, at most, the BOP corrected its administrative calculation of Hoffman's sentence; this does not amount to having a conviction vacated. See generally 18 U.S.C. § 3584(c) ("Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." (emphasis added)); United States v. Moon, 31 F.4th 259, 2022 WL 1072907, at *2 (4th Cir. 2022) ("[T]he reversal or vacatur of a sentencing enhancement cannot meet the first prong of § 2513 because it is neither an independent 'conviction' nor an 'offense,' as required by the statute.")

---

[2] An individual may obtain damages for wrongful imprisonment by filing a claim in the Court of Federal Claims, but, before doing that, the individual must obtain a certificate of innocence from the court of conviction. See United States v. Bala, 948 F.3d 948, 950–51 (8th Cir. 2020).  We note that, in his brief, Hoffman argues only that he was entitled to a certificate of innocence based on the BOP's sentence miscalculation, and we consider only that claim. See generally Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

Accordingly, we grant the Government's motion and will summarily affirm the

District Court's judgment.[3]

---

[3] In light of this disposition, the Government's motion to be excused from filing a brief is granted.