**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-2178 & 22-1203
_____

UNITED STATES OF AMERICA

v.

MARCELLAS HOFFMAN,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-01-cr-00169-002)
U.S. District Judge: Honorable Joel H. Slomsky
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 23, 2023
_____

Before: SHWARTZ, BIBAS, and FUENTES, <u>Circuit Judges</u>.

(Filed: February 6, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Marcellas Hoffman appeals various rulings, including those associated with his sentence. Only one of Hoffman's challenges has merit, so we will affirm in part, vacate in part, and remand for resentencing.

I

Hoffman's conviction arises from his conspiracy to distribute drugs and his armed robbery of his drug supplier. More specifically,

> [i]n early 2001, Hoffman decided to rob [the leader of a multi-million dollar drug organization, Juan] Rosado[,] and enlisted the help of a former co-worker, Gary Oliver. Hoffman telephoned Rosado and told him that he was coming to Philadelphia with $30,000 to purchase 500 grams of heroin and a kilogram of cocaine. Oliver testified that on the morning of January 20, 2001, he drove to Hoffman's house [in Virginia] to pick him up . . . . The two men then drove to Camden, New Jersey where they met Hoffman's cousin [Gary McGahee]. The three men then drove to meet Rosado . . . .

> [Rosado picked up 390 grams of heroin and ordered one of his employees, David Vasquez, to bring Hoffman and the others to his stash house. After they arrived, Hoffman and Oliver entered the house while McGahee waited outside. Rosado was not yet present.]

> Once inside, . . . Hoffman and Oliver pointed guns at Vasquez, and Hoffman handcuffed him and demanded to know where the drugs and money were located. Vasquez answered that Rosado was bringing the drugs, and he was then thrown on the floor and pistol whipped by Hoffman, who shot him in the leg.

> When Rosado arrived [with his wife and mother-in-law who both stayed in his truck parked outside the house], he met Hoffman . . . [who] demanded the drugs. Rosado told him the drugs were in the truck and that he would get them. Before they went to the truck, Hoffman searched Rosado and took $1,000 in cash, his credit cards, and his license . . . . Hoffman also took 800 [to] 900 grams of cocaine from the kitchen.

> After exiting the [stash] house, Hoffman placed Rosado in his truck with [McGahee] and walked towards Rosado's truck. Rosado freed himself,

2

jumped out of Hoffman's truck, and ran towards his own truck.  Hoffman chased Rosado and fired at him, hitting him once in the buttocks and grazing his leg.  Rosado's wife began driving the truck towards the two men.  Hoffman shot at the truck but ran out of bullets.  Rosado then jumped into the truck and drove away . . . .

United States v. Hoffman, 148 F. App'x 122, 124-25 (3d Cir. 2005).

A grand jury returned a six-count superseding indictment against Hoffman, charging him with violations of federal drug, firearms, and robbery laws, and a jury convicted him on all counts.[1]  Id. at 126.  The District Court sentenced Hoffman "to life imprisonment on [C]ounts [O]ne, [T]wo, and [S]ix, ten years on [C]ount [T]hree, twenty years on [C]ount [F]our, and twenty-five years on [C]ount [F]ive."  Id.  We affirmed his conviction but vacated his sentence so the District Court could apply United States v. Booker, 543 U.S. 220 (2005), which was decided while Hoffman's direct appeal was

---

[1] The superseding indictment charged Hoffman with: (1) conspiracy to distribute and possess with intent to distribute in excess of 100 grams of heroin and in excess of 500 grams of cocaine in violation of 21 U.S.C. § 846 (Count One); (2) attempt to possess with intent to distribute in excess of 100 grams of heroin in violation of 21 U.S.C. §§ 841, 846 (Count Two); (3) using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three); (4) Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Four); (5) using and carrying a firearm during and in relation to a violent crime (Hobbs Act robbery), in violation of 18 U.S.C. § 924(c) (Count Five); and (6) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Six).

Hoffman contends that the Government constructively amended Count Three of the indictment, but we previously rejected his claim "that there was a variance in the proof presented" at trial, Hoffman, 148 F. App'x at 127, and he has not identified any new evidence, intervening law, or manifest injustice caused by adhering to that holding.  In re City of Phila. Litig., 158 F.3d 711, 717-18 (3d Cir. 1998).

Hoffman also challenges his felon-in-possession conviction (Count Six) based on Rehaif v. United States, 139 S. Ct. 2191 (2019), but the District Court properly declined to consider the Rehaif claim because it was then the subject of a § 2255 motion.  The District Court has since denied that motion and we denied Hoffman's request for a certificate of appealability, see No. 22-1711, ECF No. 13.

pending. Id. at 131. On remand, the District Court resentenced Hoffman to 360 months on Counts One, Two, and Six, 240 months on Count Four, a consecutive ten-year sentence on Count Three, and a consecutive twenty-five-year sentence on Count Five, for a total sentence of sixty-five years. Hoffman appealed again, and we affirmed. United States v. Hoffman, 271 F. App'x 227, 229-30 (3d Cir. 2008).

B

In November 2019, we granted Hoffman permission to file a second or successive habeas motion based on United States v. Davis, 139 S. Ct. 2319 (2019). Applying Davis, the District Court held that the predicate offense for Hoffman's § 924(c) conviction in Count Five—conspiracy to commit Hobbs Act robbery—was no longer categorically a crime of violence, so it vacated the conviction on that count and ordered resentencing.

Before the resentencing, the District Court granted Hoffman's request to represent himself with the assistance of standby counsel because of a conflict of interest with his existing attorneys[2] and denied Hoffman's requests for discovery.[3]

---

[2] Hoffman's continued complaints about counsel's conflicts lack merit. The District Court addressed the conflict by granting his requests that counsel withdraw and to proceed pro se following a "penetrating and comprehensive examination," as required under United States v. Peppers, 302 F.3d 120, 135-36 (3d Cir. 2002). Moreover, his ineffective assistance claims against his various counsel are more properly presented in a § 2255 motion. United States v. Olfano, 503 F.3d 240, 246-47 (3d Cir. 2007) ("This Court generally does not review Sixth Amendment ineffective assistance of counsel claims on direct appeal."). Nothing herein, however, should be construed as granting Hoffman leave to file a successive § 2255 petition or opining that an ineffective assistance of counsel claim can be brought against standby counsel. See United States v. Morrison, 153 F.3d 34, 55 (2d Cir. 1998) (holding that no such claim exists).

[3] The District Court did not abuse its discretion in denying Hoffman's discovery requests. See United States v. Berrigan, 482 F.2d 171, 181-82 (3d Cir. 1973). First, the

4

At the resentencing, the District Court calculated an offense level of 37 and a criminal history category of VI, both under a straight Guidelines calculation and under the career offender provision, U.S.S.G. § 4B1.1. As a result, Hoffman's Guidelines range was 360 months to life. The PSR also noted that he was subject to a ten-year mandatory minimum on Counts One and Two because he had a previous drug felony conviction, 21 U.S.C. § 841(b)(1)(B), a consecutive ten-year mandatory minimum sentence on Count Three under 18 U.S.C. § 924(c)(1)(A), and a fifteen-year mandatory minimum sentence on Count Six because he was classified as an armed career criminal, 18 U.S.C. 924(e)(1).

Hoffman requested a downward departure from the Guidelines range based on (1) his mental health issues, (2) his age when he committed the crimes, and (3) racial sentencing disparities. The District Court concluded that these circumstances did not warrant a departure but could provide a basis for a variance. The Court also heard from Hoffman's family members who testified about his difficult upbringing and from Hoffman himself about his rehabilitative efforts while incarcerated.

---

requested materials relating to Hoffman's co-conspirator's § 2255 proceeding do not constitute Brady material, Brady v. Maryland, 373 U.S. 83 (1963), because he has not shown how any of the information in that proceeding is favorable to him, id. at 87 (requiring prosecution turn over only "material" evidence "favorable" to defendant). Second, Hoffman was not entitled to any Giglio material because the Government did not present any witnesses at the resentencing hearing. See Giglio v. United States, 405 U.S. 150, 154 (1972) (requiring the prosecution to produce impeachment evidence for government witnesses). Finally, the confidential informant information is not "essential to a fair determination[] of his guilt" because his conviction is already final, and he has not shown that this information was relevant to his defense or the resentencing. United States v. Gatlin, 613 F.3d 374, 379-380 (3d Cir. 2010) (quoting Roviaro v. United States, 353 U.S. 53, 60-61 (1957)).

5

In determining Hoffman's sentence, the District Court noted "the serious nature of the facts of this case," which "involve[d] drugs, the use of firearms, [and] the shooting of people," Supp. App. 235, Hoffman's long criminal history, and Hoffman's lack of remorse for his own actions.[4] The Court, however, acknowledged Hoffman's rehabilitative efforts, his age at the time he committed the crimes, his family circumstances, and "the need to avoid unwarranted sentence disparity from other defendants with similar records," Supp. App. 241. Ultimately, the Court imposed sentences of 330 months on each of Counts One and Two, 240 months on Count Four, and 180 months on Count Six to run concurrently, as well as a ten-year mandatory minimum consecutive sentence on Count Three, for a total sentence of 450 months.[5]

---

[4] Hoffman contends that the District Court violated his Fifth Amendment right against self-incrimination because it drew an adverse inference from his failure to express remorse about his own conduct. Hoffman, however, did not invoke his right to remain silent at the resentencing but rather voluntarily spoke on his own behalf during the allocution portion of the proceedings. United States v. Stanley, 739 F.3d 633, 652 (11th Cir. 2014) (explaining that a sentencing court "may not weigh the exercise of Fifth Amendment rights against the defendant" but "may take into account a defendant's freely offered statements indicating a lack of remorse" (alteration omitted) (quoting United States v. Rodriguez, 959 F.2d 193, 197 (11th Cir. 1992))). Therefore, the District Court properly considered Hoffman's failure to express remorse in fashioning its sentence. United States v. King, 454 F.3d 187, 195 (3d Cir. 2006) (concluding that the defendant's "lack of remorse" was an appropriate consideration supporting the district court's sentence); see also 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

Hoffman's participation in a video interview with the probation office before his resentencing also did not violate his Miranda rights because he was not compelled to participate in that interview.

[5] Hoffman contends that the audio recording of the resentencing shows that the District Court did not properly resolve Hoffman's motion to correct the record. The

Hoffman appeals.

## II[6]

## A

We have considered each of Hoffman's arguments and have concluded that only one has merit, namely, that the District Court erroneously imposed a ten-year mandatory minimum consecutive sentence on Count Three, which charged Hoffman with "knowingly us[ing] and carr[ying]" a firearm "during and in relation to a drug trafficking crime." D. Ct. ECF No. 91 at 6. The "use and carry" offense carries a mandatory consecutive sentence of at least five years, 18 U.S.C. § 924(c)(1)(A)(i), whereas an offense in which a defendant "discharge[s]" a firearm during a drug trafficking crime carries a ten-year mandatory minimum, 18 U.S.C. § 924(c)(1)(A)(iii). Because Hoffman was indicted for one crime (using and carrying a firearm) and apparently sentenced for a different crime (discharging a firearm), the imposition of the ten-year consecutive mandatory minimum on this record violated his constitutional rights. Alleyne v. United States, 570 U.S. 99, 115-16 (2013); see also United States v. Lewis, 802 F.3d 449, 454

---

purported omissions, however, relate to discussions about documents reflecting his prior convictions. The District Court adequately considered his argument that the Government had failed to prove his prior convictions, and the record shows that the documents concerning those convictions were made available to Hoffman during the resentencing. Thus, any of the purported omissions had no impact on the proceedings.

[6] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. "Allegations of constitutional error at sentencing are subject to plenary review." United States v. Lewis, 802 F.3d 449, 453 (3d Cir. 2015) (en banc). With respect to assertions of Guideline errors, "we exercise plenary review of [the] district court's interpretation of the Guidelines but review its factual findings for clear error." United States v. Fountain, 792 F.3d 310, 318 (3d Cir. 2015).

(3d Cir. 2015) (en banc).[7]  Although the District Court had the authority to impose a

sentence above the applicable mandatory minimum of five years, see 18 U.S.C.

924(c)(1)(A)(i) (stating that the sentence shall be "not less than [five] years"), the record

suggests that the Court believed it was statutorily required to impose a mandatory

---

[7] Because Hoffman was subject to a full resentencing and received a new judgment, which is the subject of this direct appeal, Alleyne applies here even though Hoffman was originally convicted and sentenced before it was decided.  In certain circumstances, the vacatur of a specific count of conviction triggers "a de novo resentencing as to all counts of [the] conviction [because] the sentencing judge . . . 'craft[s] a disposition in which the sentences on the various counts form part of an overall plan.'"  Romansky v. Superintendent Greene SCI, 933 F.3d 293, 300 (3d Cir. 2019) (quoting United States v. Miller, 594 F.3d 172, 180 (3d Cir. 2010)).  A de novo resentencing creates new final judgments as to all counts of conviction.  Id.; see also Lesko v. Sec'y Pa. Dep't of Corr., 34 F.4th 211, 225 (3d Cir. 2022).  Here, the District Court undertook a de novo resentencing after Count Five of Hoffman's conviction was vacated.  Thus, the resentencing created new judgments as to all counts of Hoffman's conviction, including Count Three.  Contrary to its letter, the Government's appellee brief correctly recognized that the District Court viewed the new sentence as an aggregated, interrelated package.

Although the resentencing was preceded by an order granting relief under 2255, Hoffman received a new judgment, which he has appealed.  A judgment reflecting a new sentence after a § 2255 resentencing is "a hybrid order that is both part of the § 2255 proceeding and part of his criminal case."  United States v. Hadden, 475 F.3d 652, 664 (4th Cir. 2007).  "To the extent the order vacates the original sentence and enters a new criminal sentence, [it] is part of the prisoner's criminal case, and, accordingly. . . . if the petitioner seeks to appeal the order by challenging the relief granted, i.e., . . . whether the new sentence was in conformity with the Constitution or Sentencing Guidelines, etc., he is appealing a new criminal sentence."  Id. (emphasis omitted).  Because such a challenge is considered a direct appeal, the defendant is not limited by the retroactivity rules governing collateral attacks.  See Ajan v. United States, 731 F.3d 629, 634 (6th Cir. 2013) (directing the district court to apply Booker on resentencing after a successful § 2255 motion even though the defendant was originally sentenced before Booker was decided).  Therefore, because Hoffman received relief on his habeas petition, was resentenced, obtained a new criminal judgment, and has now directly appealed that judgment, he is entitled to the application of the law in effect at the time of his resentencing, which includes Alleyne.  United States v. Johnson, 899 F.3d 191, 199 (3d Cir. 2018) (holding that Alleyne applies to cases pending on direct appeal at the time it was decided).

minimum of ten years under the discharge provision because Hoffman in fact discharged a weapon even though he was not charged under the discharge provision. As a result, we cannot conclude that this error was harmless, Lewis, 802 F.3d at 454-55, and we will therefore vacate Hoffman's sentence on Count Three and remand for resentencing.

B

Although Hoffman will face resentencing, we nevertheless address his other sentencing challenges, all of which are meritless, so that the District Court and the parties have the benefit of rulings on those issues and need not revisit them on remand. See United States v. Miller, 594 F.3d 172, 181-82 (3d Cir. 2010) (explaining that when a sentence on an interdependent count of a multi-count indictment is vacated, "the resentencing proceeding conducted on remand is de novo unless we specifically limit the district court's authority").

First, the District Court did not violate his double jeopardy and due process rights by resentencing him on Count Four—the Hobbs Act robbery count—even though he had fully served the twenty-year term of imprisonment as of the date of the resentencing. For both double jeopardy and due process purposes, we must determine whether Hoffman had an expectation of finality in his original sentence. United States v. DiFrancesco, 449 U.S. 117, 139 (1980) (double jeopardy); United States v. Davis, 112 F.3d 118, 123 (3d Cir. 1997) (due process). He did not. The twenty-year sentence on the Hobbs Act robbery count was a constituent part of an aggregate sentence or "sentencing package" consisting of interrelated sentences on each count for which Hoffman was convicted. See Miller, 594 F.3d at 180. A defendant has no expectation of finality where he has only

9

served a part of a sentencing package.[8]  Because Hoffman was still serving his aggregate sentence, resentencing him on the Hobbs Act robbery count did not violate his double jeopardy or due process rights.[9]

Second, none of Hoffman's attacks on the procedural reasonableness of his sentence have merit.  The District Court calculated the Guidelines advisory range, ruled on Hoffman's departure motion, and considered the § 3553(a) factors.  United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).

Hoffman's objections to the calculation of the advisory Guidelines range fail.  We previously rejected his assertion that the District Court erred in determining that he was responsible for 390 grams of heroin for Guidelines purposes and that it should have allowed him to present expert testimony contradicting the evidence supporting this amount.  Hoffman, 271 F. App'x at 230 (affirming the district court's decision to exclude Hoffman's witnesses on drug quantity in light of the trial evidence).  That ruling is the

---

[8] United States v. Brown, 26 F.4th 48, 61 (1st Cir.), cert. denied, 143 S. Ct. 238 (2022); United States v. Townsend, 178 F.3d 558, 569-70 (D.C. Cir. 1999); United States v. Mata, 133 F.3d 200, 202 (2d Cir. 1998); United States v. McClain, 133 F.3d 1191, 1193-94 (9th Cir. 1998); United States v. Easterling, 157 F.3d 1220, 1223-24 (10th Cir. 1998); United States v. Smith, 115 F.3d 241, 247 (4th Cir. 1997); United States v. Benbrook, 119 F.3d 338, 340-41 (5th Cir. 1997); Pasquarille v. United States, 130 F.3d 1220, 1222-23 (6th Cir. 1997); United States v. Alton, 120 F.3d 114, 116 (8th Cir. 1997); United States v. Smith, 103 F.3d 531, 535 (7th Cir. 1996).

[9] The District Court also properly applied a Guidelines enhancement for discharging a firearm during the robbery even though Hoffman's conviction based on using a firearm in connection with his conspiracy to commit a Hobbs Act robbery was vacated because relevant sentencing conduct "includes facts that might have formed the basis of uncharged offenses as well as charges on which the defendant was acquitted." United States v. Jackson, 862 F.3d 365, 390 (3d Cir. 2017).

law of the case.[10] <u>United States v. Johnson</u>, 899 F.3d 191, 209 (3d Cir. 2018) (applying the law of the case doctrine to bar reconsideration of the defendant's sufficiency of the evidence claim even after the Supreme Court vacated and remanded the defendant's sentence). Moreover, the District Court had a sufficient record for applying both the career offender and armed career criminal provisions. The probation office possessed documents evidencing the predicate convictions, which were made available to Hoffman during the resentencing. Hoffman declined to review them and so he has no basis to argue that they were insufficient.[11]

Hoffman's arguments that the District Court erroneously denied his motion for a downward departure also do not provide a basis for relief. The District Court understood that it had the discretion to grant downward departures on the grounds argued but declined to do so, and we lack jurisdiction to review that ruling. <u>United States v. Lofink</u>, 564 F.3d 232, 240 (3d Cir. 2009).

---

[10] In any event, the drug quantity calculation does not impact Hoffman's Guidelines range. <u>See</u> <u>United States v. Raia</u>, 993 F.3d 185, 195 (3d Cir. 2021) (explaining that a Guidelines miscalculation is harmless as long as the reviewing court can be sure it had no effect on the sentence imposed). The two drug counts (Counts One and Two) and the felon in possession count (Count Six) were grouped and, partly based on the drug quantity finding, the total offense level associated with the three counts was 26. The Hobbs Act robbery count (Count Four) comprised a separate group, which had an offense level of 37. Because there was more than a nine-level difference between the two groups, the District Court properly used the offense level for the higher group. U.S.S.G. § 3D1.4(c).

[11] The career offender designation also did not affect the calculation of Hoffman's Guidelines range. As applied to Hoffman, the career offender provision mandated an offense level of 37 and a criminal history category of VI, U.S.S.G. § 4B1.1, which were coincidentally the same offense level and criminal history category appliable to him under a straight Guidelines calculation.

Finally, contrary to Hoffman's view, the District Court fully considered the § 3553(a) factors. It cited § 3553(a) and (1) concluded "the nature and circumstances of the offense" indicated this was "a very serious case . . . involv[ing] drugs, the use of firearms, [and] the shooting of people," Supp. App. 234-35; (2) noted Hoffman's history and characteristics including his "wonderful family that supports him," Supp. App. 235, his prior criminal history, his mental health issues, and his lack of remorse; and (3) described the need to provide both specific and general deterrence with its sentence and to avoid unwarranted sentencing disparities. This "explanation [is] sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)."[12] United States v. Levinson, 543 F.3d 190, 196 (3d Cir. 2008). As such, Hoffman's sentence was procedurally reasonable.[13]

_____

[12] The District Court's discussion of the § 3553(a) factors also provided a basis for imposing an eight-year term of supervised release. United States v. Bloch, 825 F.3d 862, 869 (7th Cir. 2016) ("Contrary to [the defendant's] position, the district court was not required to provide two separate explanations, one for the term of imprisonment and one for the term of supervised release.").

Hoffman's vagueness challenge to the supervised release condition that prohibits him from interacting with felons fails because the condition only prohibits Hoffman from interacting with persons he knows have been convicted of a felony and, therefore, does not punish chance encounters. See United States v. Loy, 237 F.3d 251, 268-69 (3d Cir. 2001) (holding that a similar "associational condition" was not unconstitutionally vague because, as interpreted by the court, it did not punish "accidental or unavoidable contact" with a prohibited group). Moreover, the condition was adequately supported by Hoffman's criminal history. United States v. Voelker, 489 F.3d 139, 144 (3d Cir. 2007) ("Where a sentencing court fails to adequately explain its reasons for imposing a condition of supervised release or the condition's relationship to the applicable sentencing factors, we may nevertheless affirm the condition if we can 'ascertain any viable basis for the . . . restriction in the record before the District Court.'" (quoting United States v. Warren, 186 F.3d 358, 367 (3d Cir. 1999)).

[13] Because we are vacating Hoffman's sentence on Count Three and remanding for resentencing, we need not address the substantive reasonableness of his sentence.

## III

For the foregoing reasons, we will affirm in part, vacate in part, and remand for resentencing.